# CLARK *v.* CHESAPEAKE & POTOMAC TELEPHONE COMPANY.*

---

CORPORATIONS; TELEGRAPHS AND TELEPHONES; AGENTS; PLEADING; TORTS; LIBEL AND SLANDER.

1. While it is well settled that for acts done by the agents of a corporation, either *ex contractu* or *in delicto*, in the course of its business and of their employment, the corporation is responsible, as an individual is responsible under similar circumstances, it is equally well settled that, before a corporation can be held liable for the torts of its agents, the acts complained of must be performed, either directly within the course and scope of the agent's employment, or while acting under the express direction of the corporation itself. It is not necessary that power be given the agent in writing, or by a vote of the corporation authorizing the act; but in the absence of such authority, there must be evidence of some facts from which the court may fairly and legitimately infer its existence.

2. An averment in a declaration in an action for slander against a corporation, that the alleged slanderous words were uttered by agents of the defendant, "acting within the scope of their authority" is the statement of a conclusion of law, and the declaration is demurrable if it contains no facts showing express authority on the

---

*Corporation.*—As to liability of corporation for slander by an agent or employee, see notes to *Singer Mfg. Co.* v. *Taylor*, 9 L.R.A.(N.S.) 929, and *Hypes* v. *Southern R. Co.* 21 L.R.A.(N.S.) 873; as to criminal responsibility of corporation for acts of servant or agent, see note to *Com.* v. *Sacks*, 43 L.R.A.(N.S.) 40.

part of the agents to utter the words, or from which it may be reasonably inferred they had such authority.

3. Statements of a telephone operator refusing to call a delinquent subscriber, and of a lineman removing his phone in the presence of third persons, that such course was taken for nonpayment of dues, cannot be held within the scope of their authority, in the absence of an express showing to that effect, so as to render the company liable to the subscriber for the resulting damages.

No. 2677.   Submitted October 13, 1914.   Decided November 2, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on demurrer to a declaration in an action to recover damages for slander.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment on demurrer in the supreme court of the District of Columbia. The parties occupy the same relation here as in the court below. For convenience, appellant, D. Nelson Clark, will be referred to as plaintiff, and appellee, the Chesapeake & Potomac Telephone Company, as defendant.

Plaintiff, a practising lawyer in this District, was a subscriber for telephone service, to be furnished by defendant corporation under a contract dated May 1, 1912. In October following, defendant disconnected plaintiff's telephone, and in the following January sent an agent to his office to remove the instrument. Plaintiff brought this action for damages, and, after several amendments, settled down to a declaration in four counts. The first count charged a breach of contract; the second trespass, and the third that, when defendant's lineman removed the telephone from plaintiff's office, he used, in the hearing of a certain client named Harvey and of divers other persons, the following language: "You ought to pay your telephone bills, and we would not have disconnected your telephone, and be taking it out now if you had paid for the use of it according to your agreement; your telephone was disconnected for nonpay-

ment of dues." The fourth count charged that defendant's operator, when a client named Cook and other persons attempted to call plaintiff over the telephone, used the following language in reply: "His telephone has been disconnected for nonpayment of dues. The telephone has been disconnected because he would not pay his telephone bill. This telephone has been temporarily disconnected. This telephone has been disconnected and removed for nonpayment of dues. His telephone service has been suspended for nonpayment." Special damage is alleged in the third and fourth counts, in that the clients Harvey and Cook, when they heard the language used against plaintiff by defendant's agents and employees, refused to employ plaintiff, as they are alleged to have intended to do.

Counsel for defendant interposed a demurrer to the third and fourth counts of the declaration, which was sustained by the court. Plaintiff withdrew the first and second counts, and elected to stand upon the third and fourth counts. From the judgment the case comes here on appeal.

*Mr. Rice Hooe, Mr. Thomas H. Patterson* and *Mr. Hayden Johnson,* for the appellant.

*Mr. Henry B. F. Macfarland, Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon, Mr. Edward S. Bailey,* and *Mr. Horace G. Macfarland,* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It will be unnecessary to consider the distinction between libel and slander when imputed to a corporation, or the sufficiency of the allegations of special damage, since the appeal can be disposed of on the single proposition of the liability of the corporation for the statements alleged to have been made by its employees. The only allegation in the declaration which hints at connecting the corporation with the language used by its employees is the averment that they were "acting within the scope of their authority." It is well settled that "for acts done by

the agents of a corporation, either *in contractu* or *in delicto,* in the course of its business and of their employment, the corporation is responsible, as an individual is responsible under similar circumstances." *Philadelphia, W. & B. R. Co.* v. *Quigley,* 21 How. 202, 210, 16 L. ed. 73, 75. It is equally well settled, however, that, before a corporation can be held liable for the torts of its agents, the act complained of must be performed, either directly within the course and scope of the agent's employment, or while acting under the express direction of the corporation itself. It is not necessary that power be given the agent in writing, or by a vote of the corporation authorizing the act; but in the absence of such express authority, there must be evidence of some facts from which the court may fairly and legitimately infer its existence. *Salt Lake City* v. *Hollister,* 118 U. S. 256, 260, 30 L. ed. 176, 177, 6 Sup. Ct. Rep. 1055; *Denver & R. G. R. Co.* v. *Harris,* 122 U. S. 597, 609, 30 L. ed. 1146, 1148, 7 Sup. Ct. Rep. 1286; *Lake Shore & M. S. R. Co.* v. *Prentice,* 147 U. S. 101, 109, 37 L. ed. 97, 102, 13 Sup. Ct. Rep. 261.

In this case no specific authority is alleged, nor any facts from which it can be inferred that these employees were authorized to act in the capacity complained of. Only the bald conclusion that they were acting within the scope of their authority appears in the case. This is a mere conclusion of law, which must be deduced from allegations of fact, which, if supported by competent evidence, would be sufficient to establish either express authority in the agents, or a reasonable inference that such authority existed. The allegations of fact in the petition must be sufficient prima facie to support a judgment if admitted on demurrer. But here there is a total absence of anything upon which the court could base any reasonable conclusion that defendant's agents possessed the authority to bind the corporation. It certainly cannot be inferred from the nature of the agent's employment. It was the duty of neither the lineman nor the operator to volunteer a reason, not presumed even to be within their knowledge, for the removal of the telephone. Where the only inference that can be drawn from the declaration

is a want of authority, then the question for the court to decide is a legal one. *Washington Gaslight Co.* v. *Lansden,* 172 U. S. 534, 545, 43 L. ed. 543, 548, 19 Sup. Ct. Rep. 296.

The declaration, failing to set up a prima facie case in this particular, was fatally defective, and the court properly sustained the demurrer. The judgment is affirmed, with costs.

· *Affirmed.*